Nicholson, C. J.,
delivered the opinion of the court»
The question in this case is, whether the County Court, under the provisions of the Code, has jurisdic *732 tion- to decree the sale of lands of an intestate for the payment of his debts in cases in which the estate is not insolvent? It is conceded that this jurisdiction was expressly conferred by the Act of 1849, p. 396, and that this act continued in force until it was repealed by the general repealing clause of sec. 41 of the Code. It is also conceded that the Act of 1849 has not been expressly re-enacted in the Code. The question then is, was it re-enacted by implication?
By sec. 2267 of the Code it is enacted, that the Chancery or Circuit Court, on the petition of the representative or any bona fide creditor, may decree the sale of lands to pay debts. This provision confers the jurisdiction on • the Chancery and Circuit Courts, but is silent as to the jurisdiction of the County Courts.
By sec. 4233, the Circuit Courts, have concurrent jurisdiction with the Chancery and County Courts to sell lands to pay debts of decedents where.the personal assets are insufficient.
By sec. 4302, the Chancery Court has jurisdiction, concurrent with the Circuit and County Courts, for the sale of lands of the decedent, if the personal property is insufficient to pay the debts of the estate.
We have seen "that by sec. 2267 the jurisdiction is directly conferred both upon the Circuit and the County Courts. There is no limitation in that section upon this jurisdiction. Each court has it full and complete. What, then, was .the object of secs. 4233 and 4302? Certainly not to confer this jurisdiction upon the Chancery and Circuit Courts — that *733 had already been done by sec. 2267. Its manifest object was to declare that the Chancery and Circuit Courts were to exercise the jurisdiction already conferred on them concurrently with the County Courts. It is obvious that these two sections (4233 and 4302) were enacted under the impression that the Code contained a provision conferring similar jurisdiction on the County Courts. The idea of authorizing the Chancery and Circuit Courts to exercise jurisdiction concurrently with the County Courts, when the County Courts had no jurisdiction, would be an absurdity. The intention of the Legislature, therefore, clearly was to enact that the three courts — Chancery, Circuit and County — should have the same jurisdiction for the sale of lands of decedents for payment of debts; and such being the clear intention of the Legislature, we are authorized to give effect to that intention, by declaring that the County Courts have the same jurisdiction as that conferred on the Chancery and Circuit Courts. Such has been the practical contemporaneous construction of these sections of the Code, and we are of opinion this construction has been in harmony with the clear intention of the Legislature.
The judgment below is therefore affirmed.
McFaeland and Tü'RNEY, Judges, dissented.
Ebeeman, J.,
expressed his views as follows:
This case presents the single question, as to whether the County Court has jurisdiction to sell lands for payment of debts of deceased persons other than in *734 ease of insolvent estates. On looking at the provisions of the Code conferring jurisdiction, or rather defining the jurisdiction and powers of the County Court, it is admitted that this jurisdiction is not in terms conferred — sub-sec. 9 of sec. 4201 only providing for jurisdiction to make “partition, sale, or division of land and slaves” generally, without providing or pointing out in what particular cases. This might be held to mean only in cases for partition, but that construction would not be clear, because the power is given for partition, for sale, or division of land and slaves. But we turn to sec. 4233 of the Code, which provides for or defines the jurisdiction of the Circuit Courts, and find it enacted; “They have concurrent jurisdiction with the Chancery and County Courts to allot dower, to make partition and distribution, and, for this purpose, to sell property, real and personal, if necessary or manifestly to the interest of the parties, and to sell negroes or land to pay debts of decedents, where the personal assets are insufficient.”
Again, under the head of Chancery Courts, or in the chapter on that subject headed “concurrent jurisdiction,” sec. 4302 provides: “It has jurisdiction, concurrent with the Circuit and County Courts, of proceedings for the partition or sale of estates, by personal representatives, guardians, heirs, or tenants in common.”
We then refer to the statutes then in force when the Code was enacted, and of which it was intended to be an embodiment in the form of a Code, and we find the Act of 1849, p. 396 of Acts, which pro *735 vides “that the County Courts shall have and exercise concurrent jurisdiction with the Circuit and Chancery Courts to hear and determine all petitions or bills for partition and distribution of the estates of deceased persons, whether the same shall consist of real or personal property, or both, or for payment of debts, and when necessary, to decree sales of either personal or real estate, or both, when the same is necessary for partition and distribution, among the heirs and distributees or legatees, or the payment of debts, according to the laws now in force and use.”
It has been repeatedly held that the Code, in cases of doubt, is to be construed in reference to the statute law in force and existence at the time of its enactment.
In view of this principle, here is a case where it may be doubtful as to what jurisdiction is given to the County Court, but when we refer to the statute of 1849, above quoted, we can have no difficulty. Our only business is to arrive at what the Legislature intended. We find, then, that by the Act of 1849 the jurisdiction of County Courts was conferred, as concurrent with the Circuit and Chancery Courts, over such sales. In the Code, the sections we have quoted give the Circuit and Chancery Courts concurrent jurisdiction with County Courts over the question. The phraseology is a little different, but the fact is not changed. These sections fairly mean, then, when taken in connection with the former law, that the jurisdiction over these sales, is concurrent in the three courts. We must either say this, or repeal the *736 section which says the jurisdiction of these two courts is concurrent with the County Courts, by saying that it .is not concurrent, as the Legislature has said, but exclusive in these courts. This would do violence to the language of the Legislature, and is not to construe it, to ascertain its meaning and intention, but to say it does not mean or intend what it says. It is evident, in other words, that jurisdiction is conferred alike, or concurrently, on the three courts; and other sections provide for the exercise of concurrent jurisdiction by the County Court, by giving it the same means of enforcing its jurisdiction as the Courts of Chancery and Circuit Courts.
But it is insisted that the jurisdiction of the County Court is entirely statutory, and only what is conferred by the statute. Concede this; but it may as well be conferred by the form in which it is conferred here as in any other, if such is the purpose of the Legislature. It need no.t be conferred in one statute more than another, or one, section of the Code rather than another. The on'y qn stion is, is the jurisdiction given according to the intention of the Legislature, fairly to be ascertained from the language employed, in connection with settled rules of construction ?
In view of the fact that a construction holding the County Court has not the jurisdiction, would defeat perhaps thousands of titles in this State, where parties have purchased in perfect good faith, and bring upon the country an immense amount of litigation, we do not think this court should adopt any stringent *737 construction of the provisions of the Code on this question, bringing with it such evils, especially where the language of the sections we have quoted, taken in connection with the Act of 1849, the law in force at the time, will admit as fairly of the .jurisdiction as a contrary view of the case. In a doubtful case, if this be one, the fact of the law of 1849, in force at the time of enactment of the Code, and the jurisdiction deafly existing, ought we think to control and fix the meaning of the Code.
The view we have given in this opinion will simply be in accordance with the law in force at the time the Code was enacted. The opposite will involve the idea of it having been repealed by the Cod'e — that is, the concurrent jurisdiction of County Courts with Circuit and Chancery Courts, although expressly recognized as existing in the sections we have quoted.
CERTIFICATE OF CLERK.
The foregoing opinion is in the handwriting of Judge Freeman, but not signed. See opinion' of Judge Nicholson in same case, — Judges McFarland and Turney dissenting.
The above is a true copy. Attest:
' J. F. Dea derick. Clerk